101 N.J. Super. 252 (1968)
244 A.2d 135
ANNE BENNETT AND WILLIAM BENNETT, PLAINTIFFS-RESPONDENTS,
v.
HELEN GORDON, DEFENDANT-RESPONDENT, AND BOROUGH OF EAST PATERSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 13, 1968.
Decided June 6, 1968.
*253 Before Judges GOLDMANN, KILKENNY and CARTON.
Mr. Leopold A. Monaco argued the cause for appellant (Mr. Lucien Baron, attorney).
Mr. Paul O'Rourke argued the cause for respondents Bennett (Messrs. Goldstein & Ballen, attorneys).
Mr. Edward C. Hillis argued the cause for respondent Gordon (Mr. Henry O. Habick, attorney).
PER CURIAM.
Plaintiffs Anne Bennett and her husband William brought this action to recover damages for personal injuries sustained when she fell on an up-raised portion of the sidewalk in front of premises owned by defendant Gordon in defendant borough. The trial court granted an involuntary dismissal as to defendant-property owner Gordon. The jury awarded damages to plaintiffs. Defendant borough appeals from the resultant judgment.
The facts are simple and essentially undisputed. About 9 P.M. on May 1, 1965 Mrs. Bennett, while on her way to visit a neighbor a few doors down Hillman Drive, tripped and fell over a concrete slab upraised about three inches higher than the rest of the sidewalk fronting on defendant Gordon's property. She testified that although she was looking "down ahead" of her as she walked she did not see the raised slab. Acknowledging that she had prior knowledge of the condition of the sidewalk, she said that the street was dark on the night of the accident, that she "was not thinking about" the raised slab, and "didn't pay any attention to it." It seems conceded by all parties that a tree, planted over 25 years ago by defendant Gordon, caused the sidewalk to heave at the point where plaintiff fell.
East Paterson had adopted an ordinance in 1953 creating a Shade Tree Commission. The terms of that ordinance provided that the Shade Tree Commission "shall have powers by virtue of the provisions * * * of N.J.S.A. *254 40:64-1 to 14." N.J.S.A. 40:64-5 provides, among other things, that such a Shade Tree Commission shall have the power to:
"a. Exercise full and exclusive control over the regulation, planting and care of shade and ornamental trees and shrubbery now located, or which may hereafter be planted in any public highway * * * including the planting, trimming, spraying, care and protection thereof;
b. Regulate and control the use of the ground surrounding the same, so far as may be necessary for their proper growth, care and protection;
c. Move or require the removal of any tree, or part thereof, dangerous to public safety;

* * * * * * * *
e. Administer treatment to, or remove, any tree situate upon private property which is believed to harbour a disease or insects readily communicable to neighboring healthy trees in the care of the municipality and enter upon private property for that purpose, with the consent of the owner thereof * * *."
The ordinance made it unlawful for any person to do certain specified acts, including removing, cutting, breaking or injuring any tree or part thereof, in any way so as to injure or destroy any shade tree. It also prohibited any person from planting, taking down or removing any shade tree without first having obtained written permission from the Commission to do so. The Commission was authorized to remove or require the removal of any tree or part thereof which was dangerous to public safety. Any person violating any of the provisions of the ordinance was made subject to a fine not exceeding $100.
Roy Roth, a member of the Shade Tree Commission, testified that the Borough had engaged independent contractors to work on the trees. He said that the only instructions given by the Commission were for the trimming of the trees to a height of 14 feet, painting them and removing the branches and debris. The reason for the 14-foot regulation was to provide clearance for garbage trucks and large trucks going through the streets. The work, he said, was limited to trimming for road clearance because this was as much as the *255 budget allowed. The procedure followed was to trim the trees of one section of the town during the first three months of the year and to rotate so that a certain section would be done each year during those same months. He testified that such work was done in the area of Hillman Drive in 1965.
Defendant municipality argues that its motion for dismissal should have been granted because plaintiffs failed to prove the municipality guilty of any active wrongdoing. Plaintiffs rely upon the authority of Hayden v. Curley, 34 N.J. 420, 428 (1961).
Discussing the concept of "active wrongdoing," Justice Proctor, speaking for the Court in Hayden, said:
"The negligent creation of such a public nuisance is usually the result of an affirmative act accompanied or followed by an omission. It is the omission which transmutes the condition created by the prior affirmative act from a lawful obstruction into a nuisance. * * * Our courts have held that an affirmative act in the causative sequence resulting in injury is sufficient to sustain municipal liability. The last event * * * may be non-action, but the total sequence constitutes active wrongdoing." 34 N.J., at pp. 425-426.
He then examined the evidence and assessed the municipality's conduct as follows:
"By planting the tree, the city affirmatively created an obstruction in the public way. * * * By assuming sole responsibility for the maintenance of the tree [pursuant to a shade tree ordinance], the city also assumed the duty of avoiding dangerous conditions attributable to its growth. There was evidence that the city failed to fulfill that duty. Under these circumstances, the jury could have reasonably found that the planting of the tree without subsequent adequate inspection or maintenance constituted active wrongdoing." 34 N.J., at pp. 427-428. (Emphasis added)
The underscored language clearly indicates that the key to the municipality's liability in that case was its affirmative act of planting the offending tree. This act, coupled with the subsequent negligent omissions in inspection and maintenance, comprised a sequence held to constitute active wrongdoing.
*256 In the present case also, there was evidence sufficient to support a finding of a negligent omission on the part of the municipality in failing to inspect or maintain the tree. However, the municipality's affirmative act of planting it, found sufficient in Hayden to turn the scale in favor of liability, is not present here. Consequently, unless another affirmative act is shown to exist in this case, imposition of liability on the basis of active wrongdoing cannot be justified.
Plaintiffs assert the action of the governing body of defendant municipality in adopting the ordinance which created the Shade Tree Commission and authorized that agency to regulate the planting and care of ornamental trees comprises such an affirmative act. We do not agree that the mere adoption of the ordinance can be so regarded. That action represented the exercise of the governing body's legislative power. Cf. Visidor Corp. v. Borough of Cliffside Park, 48 N.J. 214 (1966); Veiling v. Borough of Ramsey, 94 N.J. Super. 459 (App. Div. 1967). The ordinance simply provided the instrument or mechanics by which the municipality was enabled to undertake a phase or category of activities not theretofore exercised by it.
We view the function thus authorized as differing in no material respect from various other functions which this municipality, along with other municipalities, is authorized to perform under the powers conferred by the general legislation concerning municipalities. In no basic sense would the situation be different had the Legislature conferred this power of regulation directly upon the governing body or some other municipal agency. Mere negligence in the performance of such functions or mere failure to perform them has not up to this time been held sufficient to render a municipality liable in tort under traditional concepts of active wrongdoing as a basis for municipal liability. Cf. B.W. King, Inc. v. Town of West New York, 49 N.J. 318 (1967).
Moreover, the steps taken pursuant to the ordinance cannot be viewed as affirmative acts in the causative chain leading to plaintiff's injury in the same way as the planting of the *257 tree was found causally related to the injury in Hayden. Only the omissions connected with what the Commission's employees did are causally related to the accident; e.g., the failure to inspect, trim and remove the roots as well as the branches.
Nor are we persuaded that the presence of a provision in the ordinance prohibiting any person from planting or removing any shade tree without a permit and making it unlawful for anyone to do any act so as to injure or destroy any shade tree has the effect of changing the legislative nature of the municipality's action so as to constitute an affirmative act.
Our conclusion is predicated upon the assumption that the traditional concept of active wrongdoing as a basis for municipal tort liability is still viable and that the authority of Hayden v. Curley in this area of municipal tort law remains unimpaired. We note, however, that recent cases involving municipal tort liability indicate that the old distinction between proprietary and governmental functions may no longer have efficacy. See B.W. King, Inc. v. Town of West New York, supra, 49 N.J., at p. 324; Bergen v. Koppenal, 97 N.J. Super. 265, 268 (App. Div. 1967), certification granted 51 N.J. 183 (1968). In its place, it has been said, has appeared the notion that
"[T]he relevant inquiry is whether or not the municipality is under a duty to act, as distinguished from a situation where the taking of any action is discretionary, or the matter involves the making of a basic governmental policy decision." Bergen v. Koppenal, supra, 97 N.J. Super., at p. 268.
Our Supreme Court has indicated that the issue is not why immunity should not apply, but why it should apply. B.W. King, Inc. v. Town of West New York, supra, 49 N.J., at pp. 324-25.
Examining the factual situation presented here from that standpoint, we are satisfied that the municipality could, as *258 it did, properly make a policy decision to limit the scope of the maintenance work on the shade trees in the municipality. For this it should not be held responsible in tort. The failure to do more than trim the branches of the trees was the result of budget limitations and the exercise of legislative discretion. See Visidor Corp. v. Borough of Cliffside Park, supra; Hoy v. Capelli, 48 N.J. 81 (1966); Amelchenko v. Borough of Freehold, 42 N.J. 541 (1964).
The borough also asserts on this appeal that the trial court erred in granting defendant Gordon's motion for dismissal. This assertion is resisted only by defendant Gordon, plaintiffs taking no position on the issue. In our view Hayden v. Curley, supra, and Rose v. Slough, 92 N.J.L. 233 (E. & A. 1918), are dispositive. In both cases the court held that where a municipality assumes exclusive control of the trees within its territory an abutting property owner "will be exempt from liability to respond in damages * * * to an individual who has suffered an injury of which the tree was the producing cause." 34 N.J., at p. 429; 92 N.J.L., at p. 239.
The fact that defendant Gordon, unlike the abutting property owners in Hayden and Rose, planted the offending tree does not change the legal situation. Here the municipality by its ordinance authorized the assumption of complete control and maintenance of the trees by the Commission and limited such control on the part of the abutting owner. It would be obviously inequitable to subject the property owner to liability where he had no right to maintain the tree and no legal authority to remedy any danger it might create.
We note that the Shade Tree Commission was not made a party to the present suit and that responsibility for the alleged wrongdoing as between the respective municipal bodies was not an issue in this case. See Hayden v. Curley, supra. Consequently, and in view of our determination that the defendant is not liable under the circumstances of the present case, we express no opinion as to the effect of the following provision of the shade tree statute:
*259 "Nothing in this chapter contained shall be construed to make any shade tree commission or any member thereof responsible for the death or injury of any person, or for an injury to any property or highway tree or shrub." N.J.S.A. 40:64-14.
Our determination that neither defendant is liable to plaintiffs in the present case makes it unnecessary to consider the additional arguments urged by defendant that plaintiff was guilty of contributory negligence as a matter of law and that the trial judge committed error in the instruction to the jury on the issue of contributory negligence.
The judgment appealed from is reversed with the direction that judgment be entered in favor of both defendants.