235 N.J. Super. 61 (1989)
561 A.2d 638
CORINNE TIERNEY, PLAINTIFF-APPELLANT,
v.
LOUIS C. GILDE AND PATRICIA GILDE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued May 31, 1989.
Decided July 10, 1989.
Before Judges MICHELS and KEEFE.
Jeffrey C. Schwartz argued the cause for the appellant (Barbara Rothenberg, attorney; Jeffrey C. Schwartz, on the brief).
*62 Zoltan A. Gilanyi argued the cause for the respondents.
The opinion of the court was delivered by KEEFE, J.S.C. (temporarily assigned).
Plaintiff Corinne Tierney claims that she fell and was injured on a sidewalk because the concrete slab which caused her fall had been raised by a tree root. She brought a complaint against defendants Louis C. Gilde and Patricia Gilde, owners of a four family rental apartment building which abuts the sidewalk, seeking to recover for injuries she allegedly sustained as a result of her fall. Defendants successfully argued on motion for summary judgment that they were immune from liability because the municipality had assumed control over the tree that caused the elevation of the pavement by adopting an ordinance creating a shade tree commission. Plaintiff appeals and contends that the trial judge erred in holding that the municipal ordinance immunizes defendants. Plaintiff argues that the rule of law to be applied is that commercial landowners are responsible for maintaining their sidewalks in reasonably good condition and are liable to pedestrians injured as a result of their negligent failure to do so. For the reasons stated herein, we affirm the judgment under review.
Plaintiff does not contend on appeal that genuine issues of fact exist which prevented the trial judge from ruling in favor of the defendants. Rather, plaintiff contends that the trial judge was bound by the decision in Stewart v. 104 Wallace St., Inc., 87 N.J. 146 (1981). Stewart held that commercial property owners are responsible for maintaining sidewalks abutting their properties in reasonably good condition and that they are liable to pedestrians injured as a result of negligent failure to do so. Plaintiff correctly asserts that defendants are commercial property owners. Hambright v. Yglesias, 200 N.J. Super. 392, 394-395 (App.Div. 1985). Defendants' argument, on the other hand, is that the existence of a Shade Tree Commission *63 immunizes defendants from liability. This precise issue was not addressed by the Supreme Court in Stewart or in any subsequent case.
Defendants rely on a line of cases starting with Rose v. Slough, 92 N.J.L. 233 (E. & A. 1918). In Rose, the Court of Errors and Appeals stated that the general rule is that a property owner owes no duty to keep a sidewalk abutting his property in repair. Id. at 234. The Court held: "There being no legal duty cast upon the owner to repair, there can be no recovery for an injury sustained, by reason of such defective sidewalk arising from a failure to repair." Id. at 238-239. See also, Yanhko v. Fane, 70 N.J. 528, 532 (1976). However, the court gave an alternative basis for its decision in favor of the landowner. It said:
Where a municipality, in pursuance of state legislative sanction, assumes control of the trees within its territory, an abutting owner, on a street of such municipality, is relieved from the care of a tree standing on the sidewalk in front of his premises, to the extent that he will be exempt from liability to respond in damages, in a civil action, to an individual who has suffered an injury of which the tree is the producing cause. Rose, 92 N.J.L. at 239.
Although Stewart created a commercial property exception to the general rule established in Rose and Yanhko that a property owner owed no legal duty to keep a sidewalk abutting his property in repair, there was no indication in Stewart that the alternative ground for the ruling in Rose, i.e., that a shade tree commission ordinance immunizes property owners from liability, was affected by that exception.
In Hayden v. Curley, 34 N.J. 420 (1961), a pedestrian sought damages for injuries sustained when he fell over a portion of sidewalk broken and raised by the roots of a tree. The municipality had created a shade tree commission. Id. at 422-423. The court held that Rose controlled: "In the present case, the municipality, by ordinance adopted pursuant to state statute, assumed exclusive control of the planting and maintaining of shade trees in the public sidewalk. The assumption of such control relieved defendant Curley of any responsibility for maintaining the planted tree." Id. at 429.
*64 Later, in Bennett v. Gordon, 101 N.J. Super. 252 (App.Div. 1968), certif. denied 52 N.J. 499 (1968), the situation again involved a municipal ordinance creating a shade tree commission and a pedestrian injured by a sidewalk raised by the roots of a shade tree. The court found that the municipality's ordinance had authorized "complete control and maintenance of the trees by the Commission and limited such control on the part of the abutting owner." Id. 101 N.J. Super. at 258. We held that it was "inequitable to subject the property owner to liability where he had no right to maintain the tree and no legal authority to remedy any danger it might create." Ibid.
Merchantville adopted an ordinance in 1942 which created a shade tree commission. The ordinance provided:
The regulation, planting, care and control of shade and ornamental trees and shrubbery upon and in the streets, highways, public places, parks and parkways of the Borough of Merchantville shall hereafter be exercised by a Commission ... which shall be known as the "Shade-Tree Commission of the Borough of Merchantville." Merchantville Code, Art. II, § 13-5
The Merchantville Code also provided that its Shade Tree Commission "shall exercise the powers conferred and perform the duties imposed upon it by Chapter 64 of Title 40 of the Revised Statutes of the State of New Jersey of 1937 (R.S. 40:64-1 to 40:64-14) as amended and supplemented...." Id. § 13-8. In 1978 Merchantville adopted the Shade Tree Commission Supplemental Ordinance. Section 2 of the ordinance required that no person shall "[c]ut, disturb or interfere in any way with any root" without first acquiring a permit from the Shade Tree Commission.
Plaintiff relies upon an ordinance passed by Merchantville in 1972 concerning sidewalk construction. The applicable provision of the Merchantville Code, Art. I, § 73-1, provides:
It shall be the duty and obligation of the abutting landowner to construct and maintain the curbs, sidewalks, and drive aprons fronting the property. All owners and persons holding real estate in the Borough of Merchantville, lying or fronting on any part to the streets of said borough, shall, within sixty (60) days after written notice being given by the Clerk of said Borough of Merchantville, construct and maintain the sidewalks, curbs and drive aprons along his or *65 her property according to the grade established by said Borough. The Borough Engineer or Superintendent of Public Works shall determine when the condition of any sidewalk, curb or drive aprons becomes unsafe or is in need of repair.
The Sidewalk Construction and Maintenance Code also addressed shade tree removal as follows:
In the event any sidewalk, curb or drive apron construction or maintenance will involve the removal of any tree or part thereof, including roots, situate between the edge of the sidewalk and the curb, the owner shall first secure written approval for said work from the Shade Tree Commission of the Borough of Merchantville. Merchantville Code, Art. I, § 73-4.
This latter provision was based upon N.J.S.A. 40:64-10 which provides:
No statute giving any person or State, county of municipal board, body or official, power or authority to lay any sidewalk along, or to open, construct, curb or pave any street, or to do any similar act, shall be construed to permit or authorize any interference with or injury to a highway shade tree without the consent of the shade tree commission within whose jurisdiction such tree shall be located.
Plaintiff asserts that the rationale of Stewart, together with the statutory concerning sidewalk maintenance under N.J.S.A. 40:65-14 and the Merchantville code, Art. I, § 73-1 and § 73-4, supersede the "old law" as represented by Rose, Hayden and Bennett. Plaintiff argues that Bennett and Hayden are distinguishable from the present case because both involved residential properties.
Although that statement is true, the Shade Tree Commission statute and ordinance does not distinguish between residential and commercial property owners. Because the present dispute centers on whether the existence of the Merchantville Shade Tree Commission immunizes defendants from liability, it is immaterial that Bennett and Hayden involved residential properties. Rather, what is important is that Bennett, Hayden, and Rose stand for the proposition that the existence of a shade tree commission immunizes property owners, without distinction as to the nature of ownership, from liability for injuries stemming from defective sidewalks caused by shade tree roots.
Plaintiff next argues that Bennett and Hayden were decided prior to the enactment of N.J.S.A. 40:65-14 and the Merchantville Sidewalk and Maintenance Ordinance, Art. I, *66 § 73-1 and 4, which impose a duty on property owners to maintain sidewalks. Plaintiff's contention is that the sidewalk ordinance is more specific and imposes an additional duty on the property owner. Defendants counter with the assertion that the enactment of the sidewalk ordinance is immaterial. Defendants correctly cite Yanhko, supra, 70 N.J. at 536, in which the Supreme Court said:
[W]e reject the thesis that a municipal sidewalk ordinance creates a tort duty owing to passersby on the public passageway. Our settled law is to the contrary. Our cases have consistently refused to find that ordinances requiring land owners to repair or maintain abutting sidewalks create a duty running from the property owner to the injured plaintiff, unless a statute explicitly establishes civil liability.
While Stewart reversed the Yanhko decision on other grounds, we find nothing in Stewart which erodes this well established principle concerning the effect of ordinances on tort duty.
Although plaintiff contends that the property owner should be required to notify the Shade Tree Commission of a defect in the sidewalk, the Merchantville Code places the burden on the Borough to notify the property owner, who then contacts the Shade Tree Commission. It is clear from the Merchantville Code that it is the Borough Engineer or Superintendent of Public Works who determines when a sidewalk "becomes unsafe or is in need of repair." Merchantville Code, Art. I, § 73-1. Regardless of the sidewalk construction and maintenance statute and ordinance, N.J.S.A. 40:64-5 gives the Shade Tree Commission "full and exclusive control" over the shade trees and surrounding grounds.
Finally, plaintiff argues that public policy considerations "demand" that all commercial property owners be liable for injuries caused by defective sidewalks abutting their properties, notwithstanding the existence of a shade tree commission. Plaintiff sites Justice Proctor's dissenting opinion in Murray v. Michalak, 58 N.J. 220 (1971) for the proposition that the common law rule immunizing a property owner from liability for failing to maintain abutting sidewalks has no place in today's society. Plaintiff states that "Justice Proctor's words are no *67 less true just because of the existence of a Shade Tree Commission." However, Justice Proctor stated: "Ocean City has no shade tree commission and never had one. It does not plant or maintain the shade trees in the city, nor does it construct or maintain sidewalks ... Thus, there is no question here of the defendants being relieved of any duty because of municipal responsibility for the tree or the sidewalk." 58 N.J. at 221. It appears, that, although Justice Proctor may have disagreed with the majority view, he would, nonetheless, join the majority and grant immunity to a defendant property owner in a municipality with a shade tree commission.
In order to adopt plaintiff's argument we would have to substantially expand the liability imposed on commercial property owners in Stewart and eschew a substantial body of law emanating from our highest court granting immunity in instances such as this where there is a shade tree commission. "Extensive policy shifts of this magnitude should not be initiated by an intermediate appellate court. The appropriate tribunal to accomplish such drastic changes is either the Supreme Court or the Legislature." Namm v. Charles E. Frosst & Co., 178 N.J. Super. 19, 35 (App.Div. 1981).
Affirmed.