688 A.2d 669

MARISA PETROCELLI, AN INFANT AND PETER PETROCELLI, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR MARISA PETROCELLI, PLAINTIFFS–RESPONDENTS, v. SAYREVILLE SHADE TREE COMMISSION, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued January 8, 1997—Decided February 21, 1997.

Before Judges KING, KEEFE and CONLEY.

*Charles H. Smith, Jr.* argued the cause for appellants (*Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski,* attorneys; *Mr. Smith,* of counsel and on the brief).

*Howard N. Wiener* argued the cause for respondent (*Ravish, Koster, Tobin, Oleckna, Reitman & Greenstein,* attorneys; *Mr. Wiener,* on the brief).

The opinion of the court was delivered by

CONLEY, J.A.D.

On leave granted, defendant Sayreville Shade Tree Commission appeals an order entered August 9, 1996 denying its motion for summary judgment in this personal injury lawsuit based upon the immunity established by *N.J.S.A.* 40:64-14. We reverse.

At the time the motion was filed, all discovery was completed and the facts, even viewed most favorably for plaintiffs, are not complex. On September 7, 1991, plaintiff Marisa Petrocelli, who was then seven years old, and her father and her two brothers were riding their bicycles on Cori Street in Sayreville not far from their home. Her father and brothers were riding in the street. Marisa was riding on the sidewalk. Suddenly, Marisa's bicycle hit an uneven section of the sidewalk, and she fell off the bike and

was injured. In this litigation, plaintiffs contend the sidewalk had been partially raised by a shade tree root.

On November 18, 1994, Marisa and her father filed their personal injury complaint. The only named defendant was the Sayreville Shade Tree Commission. The complaint also contained various John Doe defendants "who together with the named defendant were responsible for the ownership, operation, control, repair, construction and/or maintenance of the premises where the ... accident occurred or who in any way caused or contributed to plaintiff's injuries," however it was never amended to name any other specific entity other than the Shade Tree Commission. The complaint alleges that the Shade Tree Commission "owned, operated, maintained, controlled, secured, repaired, and/or constructed" the area of the accident "in so negligent a manner as to cause plaintiff ... to fall therein."

The deposition of Carol Smith, chairperson of the Shade Tree Commission, revealed that the Commission had not planted the tree in the area of the accident and had never received any complaints of an upraised sidewalk in that area prior to plaintiff's fall. Although the Commission has no employees, Mrs. Smith explained that its members would conduct an inspection of a potential problem, such as a tree root upraising a sidewalk, if notified and then decide what action should be taken.

The Sayreville Shade Tree Commission was created by municipal ordinance and pursuant to *N.J.S.A.* 40:64–1 to –14. When such a Commission is created by municipal ordinance, it assumes exclusive control and responsibility over shade and ornamental trees and shrubbery in "any public highway, park or parkway," including maintaining the ground surrounding such trees and removing "any tree or part thereof, dangerous to public safety...." *N.J.S.A.* 40:64–5a, b, c. Indeed, the exclusive responsibility vested in such a Commission over shade trees within its authority absolves adjoining property owners from liability from, for example, injuries stemming from defective sidewalks caused by shade tree roots. *Tierney v. Gilde,* 235 *N.J.Super.* 61, 65, 561

*A.2d* 638 (App.Div.), *certif. denied,* 117 *N.J.* 666, 569 *A.2d* 1357 (1989).

■■■ Importantly, however, *N.J.S.A.* 40:64–14, in terms that could be no clearer, provides:

Nothing in this chapter contained shall be construed to make any shade tree commission or any member thereof responsible for the death or injury of any person....

The exclusive control and responsibilities, thus, imposed in a Shade Tree Commission created pursuant to *N.J.S.A.* 40:64–1 to – 14, and the exercise thereof, are immunized from personal injury liability.

Concededly, there are no reported cases applying this immunity. Recently, in *Black v. Borough of Atlantic Highlands,* 263 *N.J.Super.* 445, 623 *A.2d* 257 (App.Div.1993), we had occasion to consider the Act. There plaintiff had slipped on rotting crab apples that had fallen from trees planted by the Borough of Atlantic Highlands. Plaintiff sued the Borough, along with other defendants including the Atlantic Highlands Shade Tree Commission. Plaintiff contended that the falling crab apples had constituted a hazardous condition for a substantial period of time and that she had on numerous occasions complained to the Borough and Commission. The Commission had hired a tree trimmer (also a defendant) to prune the tree. He failed to do so prior to plaintiff's fall. Most likely in view of the express provisions of *N.J.S.A.* 40:64–14, the Shade Tree Commission had been dismissed by stipulation. The Borough, claiming that it too could rely upon *N.J.S.A.* 40:64–14, moved for summary judgment. The motion was granted on that basis. We affirmed. In doing so we noted *N.J.S.A.* 40:64–14 and impliedly acknowledged its application to the Commission, but observed that as to the Borough there was an independent basis of liability arising from its ownership of the land upon which the trees were located and actual, repeated notice of the problem. We determined that it was not necessary for us, under those circumstances, to decide whether *N.J.S.A.* 40:64–14 could clothe the Borough with immunity because Tort Claims Act provided an independent basis for immunity. Specifically, we said "[i]n light of

the extraordinary breadth of authority, expressed in terms of 'exclusive control,' granted to shade tree commissions under *N.J.S.A.* 40:64–5, it could not have been palpably unreasonable for the Borough to rely upon the method of performance chosen by its functioning Commission in this case." 263 *N.J.Super.* at 451, 623 *A.2d* 257 (footnote omitted). *And see Sims v. City of Newark,* 244 *N.J.Super.* 32, 43, 581 *A.2d* 524 (Law Div.1990).

Here, the Borough of Sayreville was not a named defendant. The only defendant is the Shade Tree Commission. While there might be some question as to whether *N.J.S.A.* 40:64–14 would extend to the enabling municipal body, and while there might as well be some question as to its application to negligent conduct of a Shade Tree Commission's employees, in the event it had any, there can be none as to the Commission itself. The language of *N.J.S.A.* 40:64–14 is clear and unambiguous.

That the trial judge recognized this is evident when he acknowledged that "[the Legislature has] set forth immunity from personal litigation, personal lawsuits against members of the Shade Tree Commission and against the Shade Tree Commission as an entity." Despite this, the trial judge denied the motion. He said "this [*N.J.S.A.* 40:64–14] does not preclude a litigant from bringing a tort claims action against the entity that establishes the Shade Tree Commission." He, thus, viewed the suit as one against the Borough of Sayreville brought under the Tort Claims Act and concluded there existed material factual issues in dispute.

The short answer to this is that, plain and simple, the Borough was not named as a separate party. The only named and served party was the Commission and it is entitled to summary judgment since the evidence [and the law] " 'is so one-sided that defendant must prevail as a matter of law.' " *Brill v. Guardian Life Insurance Co. of America,* 666 *A.2d* 146, 142 *N.J.* 520, 536 (1995) (citing *Anderson v. Liberty Lobby,* 477 *U.S.* 242, 251–52, 106 *S.Ct.* 2505, 2512, 91 *L.Ed.2d* 202, 212 (1986)). The longer answer might be that even were the Borough a defendant there appears to be no factual dispute but that there was no notice, actual or constructive,

of the alleged dangerous condition as is required for imposing liability under the Tort Claims Act. *N.J.S.A.* 59:4–2; *N.J.S.A.* 59:4–3. Indeed, if the Borough in *Black* could not be liable, despite not only its ownership and notice of the hazardous condition caused by its crab apple tree, most assuredly the Borough here could not be liable.

■ We, moreover, reject plaintiff's contention that the Tort Claims Act impliedly repealed the immunity provided by *N.J.S.A.* 40:64–14. *See Fielder v. Stonack*, 141 *N.J.* 101, 117–18, 661 *A.*2d 231 (1995); *Kemp v. State*, 147 *N.J.* 294, 687 *A.*2d 715 (1996), does not require a different result. First, we do not consider *N.J.S.A.* 40:64–14 to be "fatally inconsistent" with the Tort Claims Act. Unlike the grant of a qualified good faith immunity in *N.J.S.A.* 26:11–12, which the Court found to be inconsistent with the TCA's grant of absolute immunity to public entities for " 'the exercise of judgment or discretion,' " 147 *N.J.* at 306–08, 687 *A.*2d at 721, the absolute immunity of *N.J.S.A.* 40:64–14 is not a qualified immunity. Second, unlike *N.J.S.A.* 26:11–12, the Legislature has not expressly repealed *N.J.S.A.* 40:64–14.

Reversed and remanded for an order dismissing the complaint.