810 A.2d 600 (2002)
355 N.J. Super. 373
Gilbert L. NIELSEN, Plaintiff-Appellant,
v.
Jong Sil LEE, Yun Ja Lee and Howard Hertz, Defendants-Respondents,
Borough of Metuchen, County of Middlesex, State of New Jersey and Suter Opticians, Defendants.
Superior Court of New Jersey, Appellate Division.
Submitted November 19, 2002.
Decided December 3, 2002.
Eichen Levinson, attorneys for appellant (H. Todd Hess, Weehawken, on the brief).
Stahl & DeLaurentis, attorneys for respondents Jong Sil Lee and Yun Ja Lee (Sharon K. Galpern, Mount Laurel, on the brief).
Biancamano & Di Stefano, attorneys for respondent Howard Hertz (Lawrence F. Citro, Jersey City, on the brief).
Before Judges PRESSLER, WALLACE, JR., and HOENS.
*601 The opinion of the court was delivered by PRESSLER, P.J.A.D.
This is a sidewalk fall-down case in which the asserted sidewalk defect resulted from the heaving of a concrete slab caused by the root of a shade tree. Plaintiff Gilbert L. Nielsen appeals from a summary judgment dismissing his complaint against the abutting commercial owners, Jong Sil Lee and Yun Ja Lee, and the commercial tenant, defendant Howard Hertz. The trial court took the view that the abutting commercial occupiers were immune from suit because Metuchen, the municipality in which the accident occurred, has a shade tree commission. We hold, however, that the existence of a shade tree commission does not automatically relieve the abutting commercial occupier of all responsibility. Accordingly, we reverse and remand.
We recite the sparse facts disclosed by the summary judgment record, giving plaintiff the benefit of all favorable inferences therefrom. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540, 666 A.2d 146 (1995). On October 5, 1996, Metuchen held a municipal fair. Many local shop owners, including defendants, had sidewalk displays. Plaintiff was walking along the sidewalk pushing a baby stroller when he fell on a raised portion of the sidewalk directly in front of defendants' store, and sustained a serious injury to his hand. Plaintiff's engineering expert furnished a report opining that the raised concrete slab and the consequent uneven sidewalk surface caused by a tree root constituted a dangerous condition.
Plaintiff brought a personal injury action against defendants Lee and Hertz, the Borough of Metuchen, the County of Middlesex, and the State of New Jersey. The action as against the County, State, and the commercial occupiers was dismissed on immunity grounds, and thereafter plaintiff entered into a settlement agreement with the Borough, thus disposing of the entire litigation. Plaintiff now appeals the summary judgment in favor of the commercial occupiers. The sole issue before us is whether at the time of the accident Metuchen's establishment of a statutory shade tree commission afforded absolute immunity from liability for sidewalk defects caused by a tree to the abutting commercial occupiers.
We begin our analysis with Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 432 A.2d 881 (1981), in which the Supreme Court abrogated the long-standing rule that no abutting owner is liable for injuries caused by defective sidewalks and, instead, adopted a rule of liability limited to commercial abutting owners. The Court reasoned that "the owner of abutting property retains considerable interest in and rights to use the sidewalk over and above those of the public-rights that are especially valuable to an owner of abutting commercial property...." id. at 151, 432 A.2d 881, and that since "sidewalks provide commercial owners with easy access to their premises... [they] increase the value of their property." Id. at 152, 432 A.2d 881. Juxtaposed against the special benefit of sidewalks to commercial owners was the "right of the public to safe and unimpeded passage along the sidewalk...." Id. at 152, 432 A.2d 881. The Court consequently concluded that the benefits of sidewalks to abutting commercial owners warranted the imposition on them of a rule of liability, which would serve the dual purpose of providing recourse to innocent pedestrians and an incentive to abutting commercial owners to keep their sidewalks in good repair. Id. at 155, 432 A.2d 881. Although the Court has consistently declined to extend the liability rule to abutting residential *602 and non-profit owners, we continue to adhere to the rule of liability of commercial owners. See, e.g., Brown v. St. Venantius School, 111 N.J. 325, 327, 544 A.2d 842 (1988); Dupree v. City of Clifton, 351 N.J.Super. 237, 242, 798 A.2d 105 (App.Div.2002); Wilson v. Jacobs, 334 N.J.Super. 640, 643, 760 A.2d 818 (App. Div.2000); Smith v. Young, 300 N.J.Super. 82, 90, 692 A.2d 76 (App.Div.1997).
While the Supreme Court had not considered the effect on the liability rule of the existence of a municipal shade tree commission established pursuant to N.J.S.A. 40:64-1 to -14, this court, expressing divergent points of view, has addressed that issue in three cases, Tierney v. Gilde, 235 N.J.Super. 61, 561 A.2d 638 (App.Div.1989), certif. denied, 117 N.J. 666, 569 A.2d 1357 (1989); Learn v. City of Perth Amboy, 245 N.J.Super. 577, 586 A.2d 327 (App.Div.1991); and Straus v. Borough of Chatham, 316 N.J.Super. 26, 719 A.2d 664 (App.Div.1998). Thus, in Tierney, the court relied, at least in part, on pre-Stewart law as well as the statutory provision vesting exclusive control over sidewalk shade trees in a commission established under the law. N.J.S.A. 40:64-55a. It concluded that since abutting commercial owners had no right to take any corrective action where the sidewalk defect was caused by a tree under the commission's jurisdiction, liability for injuries resulting from such defects could not be imposed.
In Learn, supra, 245 N.J.Super. at 584, 586 A.2d 327, we concluded that the Tierney rationale did not apply because the shade tree commission there was not established pursuant to the statute but was, rather, only an advisory committee. Nevertheless, we expressed our concern with the apparent breadth of the Tierney holding. More specifically, our concern was allowing an abutting commercial owner completely to ignore the dangerous condition of the abutting sidewalk and absolving him from the duty of notifying the shade tree commission of the problem and, if the local ordinance so authorizes, seeking its permission to make the repair. Because of the statutory immunity accorded the shade tree commission by N.J.S.A. 40:64-14, it was clear that according the commercial property owner immunity as well would completely thwart the achievement of the salutary purposes that motivated the Stewart rule of liability. Thus, we opined in Learn that
... even if we were to follow Tierney, we would nevertheless take the view that if a shade tree commission's consent were required in order for an abutting commercial landowner to repair a sidewalk made dangerous by a tree root, the landowner would still be obliged to seek that consent if he had notice of the defective condition so caused. Certainly, no immunity could attach if he had that knowledge and made no effort, consistent with municipal allocation of responsibility, to effect a repair.

[245 N.J.Super. at 584, 586 A.2d 327.]
In the third case, Straus v. Borough of Chatham, supra, 316 N.J.Super. at 31, 719 A.2d 664, we held that Tierney did not apply because the sidewalk defect there was unrelated to the planting or growth of a shade tree. We nevertheless elected to "adopt as holding," but limited to the facts there, the quoted dictum in Learn, pointing out, moreover, that "[t]here is no reasonable basis for treating differently a permit requirement of a shade tree commission from a permit requirement of any other municipal agency." Id. at 32, 719 A.2d 664. Consequently, we imposed on the abutting commercial owner the obligation of seeking a permit in the circumstances there.
*603 Based on the foregoing, we think it plain that the language of Tierney was overbroad and that the judicial trend has been, to the contrary, the continued recognition of the Stewart liability rule, namely, the imposition of some degree of duty, and hence potential liability, on the abutting commercial landowner within the context of the shade tree statute and ordinance. This is so even if that duty is limited to require the seeking a permit to make the repair or, on an even more limited basis, simply notifying the shade tree commission of the dangerous condition and requesting it to provide the corrective action.
That trend has now been confirmed by statute. By L. 1996, c. 135, effective December 5, 1996, the Legislature adopted the New Jersey Shade Tree and Community Forestry Assistance Act, N.J.S.A. 13:1L-17.1 to 17.9, which is primarily intended to assist local governments in establishing shade tree and community forestry programs. Beyond mere adoption of that statute, however, section 16 of L. 1996, c. 135, amended the Tort Claims Act to add N.J.S.A. 59:4-10. Paragraph a of that new provision affords immunity not only to the local shade tree commission and members thereof, reiterating the immunity of N.J.S.A. 40:64-14, but also to volunteers in the community forestry program. It is, however, paragraph b, which rejects the Tierney holding, that is critical here. Paragraph b reads as follows:
The existence of a municipal shade tree commission established pursuant to R.S. 40:64-1 et seq. or a county shade tree commission established pursuant to R.S. 40:37-1 et seq., or the fact that a municipality or county has otherwise provided for the regulation, planting, care, control, or maintenance of trees or shrubs within its jurisdiction, shall not be cause to immunize a private person from liability for an injury caused directly or indirectly by a tree or shrub, or any part thereof, who otherwise would be liable for that injury.
The statute thus makes clear that while it is not creating any new abutting-owner liability beyond the commercial owner's liability as defined by Stewart and its progeny, the commercial owner is not relieved of that liability because of the existence of a local shade tree commission. It is plainly the rationale of Stewart that underlies this enactment.
Clearly, had this sidewalk accident occurred on or after December 5, 1996, rather than two months earlier, there would be no doubt as to the duty and liability of the commercial abutting owners. The question, of course, is whether plaintiff is entitled to the benefit of the statute.
To begin with, as we have noted, the state of the common law was at best equivocal at the time the statute was enacted. Tierney had already been decided, as was Learn, which disagreed with its holding. There appears to be no relevant legislative history and consequently no direct indication that in adopting N.J.S.A. 59:4-10b as part of the Shade Tree and Community Forestry Assistance Act, the Legislature was responding to the Tierney/Learn conflict. But the Legislature is, nevertheless, presumed to be familiar with judicial construction of statutes. State v. Burford, 163 N.J. 16, 20, 746 A.2d 998 (2000). We believe, therefore, that it is fair to read N.J.S.A. 59:4-10b as the Legislature's reaffirmation of Stewart. Thus, while statutes are ordinarily construed prospectively, that general rule does not apply to statutes which are declarative or curative of existing common law. See Gibbons v. Gibbons, 86 N.J. 515, 523, 432 A.2d 80 (1981); Brown v. State Dept. of Personnel, 257 N.J.Super. 84, 89, 607 A.2d 1354 (App.Div.1992); Atlantic City Mun. Utilities Authority v. Hunt, 210 N.J.Super. 76, 87, 509 A.2d 225 (App.Div. *604 1986). To the extent N.J.S.A. 59:4-10b can be regarded as rejecting the broad sweep of Tierney, it is curative, and to the extent it can be regarded as reaffirming Stewart, it is declarative. Accordingly, we are satisfied that it is entitled to retroactive application and is available to plaintiff in this action.
As we have already pointed out, the record on this motion is sparse. It does not contain a number of facts necessary to determining liability such as defendants' actual or constructive knowledge of the allegedly defective condition; how long the sidewalk was in that condition; what steps, if any, were taken by defendants; and whether the shade tree commission was aware of the condition and had planned any action with respect thereto. In sum, we should not be understood as having here declared defendants' liability but only as having declared plaintiff's right to proceed and to try to prove those facts on which liability is asserted.
The summary judgment appealed from is reversed, and we remand for further proceedings.