**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1162-18T1

SALVATORE J. MORETTI,

    Plaintiff-Appellant,

v.

BOROUGH OF PARAMUS,

    Defendant-Respondent.

_____

        Argued telephonically March 23, 2020 –
        Decided July 15, 2020

        Before Judges Rothstadt and Moynihan.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-105530-18.

        Salvatore J. Moretti, appellant, argued the cause pro se.

        R. Scott Fahrney argued the cause for respondent (Kaufman, Semeraro & Leibman, LLP attorneys; R. Scott Fahrney, on the brief).

PER CURIAM

Plaintiff Salvatore J. Moretti appeals from the Law Division's order granting, without prejudice, defendant Borough of Paramus's motion to dismiss his complaint. Plaintiff's complaint alleged a shade tree fell on and damaged his car in the amount of $6000. Plaintiff claimed the alleged damages prevented him from working and defendant negligently caused his damages. The motion judge granted defendant's Rule 4:6-2 motion to dismiss for failure to state a claim upon which relief can be granted after concluding there was no proof that plaintiff complied with the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, or if he did, that the complaint was timely.[1]

On appeal, plaintiff argues:

POINT I

THE BOROUGH OF PARAMUS CANNOT RELY UPON THE NEW JERSEY TORT CLAIMS ACT 90 DAY NOTICE PROVISION, WHICH DOES NOT APPLY TO THE FACTS OF THIS CASE.

POINT II

THE BOROUGH OF PARAMUS CREATED THE SHADE TREE COMMISSION, AUTHORIZING THE

---

[1]  Plaintiff's complaint alleged the cause of action accrued on May 16, 2018. Pursuant to the 90-day notice requirement, N.J.S.A. 59:8-8, plaintiff should have filed a notice of tort claim by August 14, 2018. Plaintiff should have then waited six months from the date that notice of the claim was received to file suit. Ibid. Expiration of the six months occurred on February 14, 2019. Plaintiff filed his complaint on June 6, 2018.

A-1162-18T1

AUTHORITY TO LEVY FINES, AND THUS [FINANCIAL] RESPONSIBILITY IS A BOROUGH DUTY.

POINT III

THE TORT CLAIMS ACT NOTICE REQUIREMENT DOES NOT APPLY IN THE CASE AT BAR, SINCE THE NETWORK OF NUMEROUS INTERRELATED LEGAL ACTIONS SHOW AN INVERSE CONDEMNATION OF MORETTI'S REAL ESTATE.

We are unpersuaded by these contentions. Applying our "plenary standard of review from a trial court's decision to grant a motion to dismiss pursuant to Rule 4:6-2(e)," under which we "owe no deference to the trial court's conclusions," Rezem Family Assocs., LP v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011), we affirm substantially for the reasons expressed by the motion judge. We add only the following brief comments.

When reviewing a trial court's grant of a motion to dismiss under Rule 4:6-2(e), the test to determine the adequacy of the pleading is whether the facts as presented in the complaint suggest a cause of action. See Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989); Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988). Plaintiff's complaint did not suggest, as he argues, a constitutional issue of inverse condemnation, barring application of the TCA's notice requirements.

3

An inverse condemnation involves the taking of real property by the government, see Klumpp v. Borough of Avalon, 202 N.J. 390, 406 (2010), not damage to a car. The TCA, therefore, applied. See Greenway Dev. Co. v. Borough of Paramus, 163 N.J. 546, 557 (2000) (holding that the TCA does not apply to inverse condemnation claims).

Finally, to the extent plaintiff argues that the TCA did not apply because the municipal shade tree commission caused the damage to his car, he did not join that entity and his claim is barred by N.J.S.A. 40:64-14. The statute provides:

> Nothing in this chapter contained shall be construed to make any shade tree commission . . . responsible for . . . an injury to any property or highway tree or shrub. Liability for any such . . . injury shall be governed by [N.J.S.A. 59:4-10] and any other relevant provisions of the [TCA].

See also Petrocelli v. Sayreville Shade Tree Comm'n, 297 N.J. Super. 544, 547-48 (App. Div. 1997) (declining to consider whether immunity under N.J.S.A. 40:64-14 extends to the entity which established the shade tree commission).

To the extent we have not specifically addressed any of plaintiff's remaining arguments, we conclude they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1162-18T1