200 N.J. Super. 392 (1985)
491 A.2d 768
MARY HAMBRIGHT, PLAINTIFF-RESPONDENT,
v.
MANUEL YGLESIAS, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued March 25, 1985.
Decided April 17, 1985.
*393 Before Judges KING, DEIGHAN and BILDER.
Thomas F. Zborowski argued the cause for appellant (Methfessel & Werbel, attorneys; Thomas F. Zborowski, on the brief).
*394 Sheldon Bross argued the cause for respondent (Horowitz, Bross, Sinins & Imperial, attorneys; Keith A. Bonchi, on the brief).
The opinion of the court was delivered by BILDER, J.A.D.
In Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981), commercial landowners were held to be responsible for maintaining the sidewalks abutting their property in reasonably good condition and liable to pedestrians injured as a result of their negligent failure to do so. In Mirza v. Filmore Corp., 92 N.J. 390, 395 (1983), this duty of commercial landowners was extended to the removal of snow or ice or reduction of the risk from those conditions under appropriate circumstances. "The test is whether a reasonably prudent person, who knows or should have known of the condition, would have within a reasonable period of time thereafter caused the public sidewalk to be in reasonably safe condition." Id. at 395-396. The principal issue in this appeal is whether a non-owner-occupied two-family house is a commercial property within the meaning of Mirza.
On January 25, 1982 plaintiff Mary Hambright fell on an icy public sidewalk in front of a two-family house owned by defendant Manuel Yglesias. Both apartments were occupied by tenants. The sidewalk was "an entire sheet of ice" but plaintiff decided to take a "calculated risk" and attempt safe passage. She brought suit to recover for her resultant injuries.
At the conclusion of plaintiff's case in a jury trial, defendant moved for a directed verdict of negligence against plaintiff, which was denied. At the conclusion of all the proofs, the trial judge gave a charge to the jury which both parties agree was consistent with the holdings in Stewart and Mirza. The jury returned a verdict finding defendant 95% negligent, plaintiff 5% negligent, and fixing the damages at $65,000.
*395 On appeal defendant contends that his property is not a commercial property within the meaning of Stewart and Mirza and that the court erred in failing to direct a verdict of negligence against plaintiff based upon her conduct in proceeding across the sidewalk in the face of a known danger.
In its decision to extend liability for abutting sidewalks to landowners, the Supreme Court gave us guidance as to which properties were to be covered by the new rule. Stewart v. 104 Wallace St., Inc., supra, 87 N.J. at 160. "[C]ommonly accepted definitions of `commercial' and `residential' property should apply." Id. In a footnote, the court added "For example, apartment buildings would be `commercial' properties covered by the rule." Id. By this footnote, the court made it clear that it was the nature of the ownership that mattered, not the use to which the property is put. Apartment buildings are residential in the sense that they are places where people live; they are commercial in the sense that they are operated by their owners as a business.[1] In the instant case, it is undisputed the property was owned and operated by defendant as a business venture. It was, therefore, a commercial property within the meaning of Stewart and Mirza. We express no opinion as to the result where a two-family house is partly owner-occupied.
Defendant's remaining contention is really directed to the weight of the evidence. He argues, as he did on motion for a directed verdict at the conclusion of the plaintiff's case, that plaintiff's conduct, based on her own testimony, was negligent as a matter of law. "It is respectfully submitted that the negligence of the plaintiff herself was so clearly established by her own testimony that the jury should not have been given the opportunity to decide whether the plaintiff was negligent, but *396 only in what proportion she was negligent, compared to the defendant."
The question of reasonable conduct is one peculiarly within the competence of a jury. See Benton v. Y.M.C.A., 27 N.J. 67, 71 (1958). As Judge Landau noted in denying defendant's motion, there was a lot of ice and snow around. Plaintiff knew the danger in going forward but she was also aware that alternative paths also inhered with danger. Her choice was clearly between bad and worse. The reasonableness of her decision was properly for the jury. Additionally, we note that if the failure to grant defendant's motion were error, it was harmless because the jury did find plaintiff was negligent, attributing 5% negligence to her. A direction that the jury must find some negligence on the part of plaintiff could not have produced a different result. See State v. Macon, 57 N.J. 325, 336 (1971).
Affirmed.
NOTES
[1] Residence is defined as the place in which one lives or resides. Commerce is defined as business. The Random House Dictionary of the English Language, Unabridged Edition (1966).