247 N.J. Super. 353 (1990)
589 A.2d 199
ALBERTINA BORGES, PLAINTIFF,
v.
FAIEZ HAMED AND LOURDES HAMED, DEFENDANTS.
Superior Court of New Jersey, Law Division Union County.
Decided March 23, 1990.
Hector M. Garcia, for Plaintiff.
Robert J. Casulli, for Defendants.
DeSTEFANO, J.S.C.
This is a motion for summary judgment by defendant homeowners. The question presented is whether a three family, owner-occupied house, with two rental units, is "commercial" *354 property for purposes of extending liability for a defective abutting sidewalk under the authority of Stewart v. 104 Wallace Street Inc., 87 N.J. 146, 432 A.2d 881 (1981).
Plaintiff, Albertina Borges, tripped and fell on a cracked sidewalk abutting defendants' property. Borges suffered facial injuries, including a fractured nose. She brings this action alleging negligence in the maintenance of the sidewalk. The sidewalk where plaintiff fell was in place before the defendants purchased the house. There is no indication of when the sidewalk was constructed or by whom. Defendants have made no repairs to the sidewalk. There is no evidence that anyone made repairs.
The defendants, Faiez Hamed and Lourdes Hamed, are husband and wife. They purchased a three family house located at 1451-1455 Concord Place, Elizabeth, in February 1979. The first floor is occupied by Lourdes Hamed's sister, her husband and two children. The second floor is occupied by Mrs. Hamed's mother, stepfather and two brothers. The third floor is occupied by Mr. and Mrs. Hamed. The entire family has lived in this residential neighborhood for eleven years. Mrs. Hamed's mother and sister pay monthly rent.
In Yanhko v. Fane, 70 N.J. 528, 362 A.2d 1 (1976) the Supreme Court held,
"an abutting owner is not liable for the condition of the sidewalk caused by the action of the elements or by wear and tear incident to public use, but only for the negligent construction or repair of the sidewalk by himself or by a specified predecessor in title or for direct use or obstruction of the sidewalk by the owner in such a manner as to render it unsafe for passersby." Id. at 532, 362 A.2d 1.
In Stewart v. 104 Wallace Street Inc., supra, the Supreme Court held that,
"commercial land owners are responsible for maintaining in reasonably good condition the sidewalks abutting their property and are liable to pedestrians injured as a result of their negligent failure to do so." Id. at 157, 432 A.2d 881.
The Stewart decision did not impose a duty to maintain abutting sidewalks on owners of residential property. The Court specifically left that determination to the Legislature. Id. at 159, fn. 6, 432 A.2d 881. The Court also remarked that *355 commonly accepted definitions of "commercial" and "residential" property would apply. An apartment building is an example of "commercial" property. Id. at 160, fn. 7, 432 A.2d 881.
The New Jersey Administrative Code, Section 13:45A-16.1 defines residential or non-commercial property as,
"a structure used, in whole or in substantial part, (emphasis added) as a home or place of residence by any natural person, whether or not a single or multi-unit structure, and that part of the lot or site on which it is situated and which is devoted to the residential use of the structure, and includes all appurtenant structures." Blake Construction v. Pavlick 236 N.J. Super. 73, 79, 564 A.2d 130 (Law Div. 1989).
In Blake Construction the first floor, of a two and one-half story structure, served as a combination tavern and liquor store. The second and third floors were occupied by the family as a dwelling. The Court held that this mixed use property qualified "as a residential or non-commercial property" for purposes of applying the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq.
In Hambright v. Yglesias, 200 N.J. Super. 392, 491 A.2d 768 (App.Div. 1985), the Appellate Division held that a non-owner occupied, two family house, generating two rental incomes, would be considered "commercial" property for purposes of applying the Stewart rule. The court made a point of saying, "we express no opinion as to the result where a two family house is partly owner occupied." Id. at 395, 491 A.2d 768. The Appellate Division interpreted fn. 7 of the Stewart opinion to the effect that,
"... it was the nature of the ownership that mattered, but not the use to which the property is put. Apartment buildings are residential in the sense that they are places where people live; they are commercial in the sense that they are operated by their owners as a business. In the instant case, it is undisputed the property was owned and operated by defendant as a business venture." Id. at 395, 491 A.2d 768.
In its own footnote, the Appellate Division went on to say, "Residence is defined as the place in which one lives or resides. Commerce is defined as business." Id. at 395, fn. 1, 491 A.2d 768.
*356 The defendants own and occupy a three family house with income from two rental units. The area is zoned residential. The house is clearly a residence for Mr. and Mrs. Hamed; but is it also a business?
In Brown v. St. Venantius School, 111 N.J. 325, 544 A.2d 842 (1988) the Supreme Court found that St. Venantius School was a "commercial" landowner. They were, as such, liable to a pedestrian who fell on the public sidewalk abutting the school. This case is helpful to our present inquiry for two reasons. First, the Court said,
"... higher insurance premiums for commercial property owners as the result of the newly imposed sidewalk liability could be spread through higher charges for the commercial enterprises, goods or services as distinct from residential owners, who must bear the loss." (emphasis added) Id. at 331, 544 A.2d 842, Mirza v. Filmore Corp., 92 N.J. [390] at 397 [456 A.2d 518 (1983)].
The Court recognized that commercial landlords are in a better position to spread the risk of loss than are residential homeowners. Commercial property owners can pass the increased cost of insurance on to customers. This distinction between residential and commercial landowners may outweigh the goal of compensating all innocently injured pedestrians. See 35 Rutgers Law Review 425 (1983). One of the examples cited in this article questioned the fairness of shifting the risk of loss to a middle income homeowner where a well-to-do pedestrian trips on the abutting sidewalk. Id. at 442, fn. 128. The author observed that if a homeowner purchases inadequate insurance an injustice may occur.
"A residential landowner could be forced to sell his house to satisfy a judgment. This result, however, seems to violate an objective standard of fairness; the benefits derived from having an abutting sidewalk in good repair simply do not justify the severity of this result." Id. at 443 fn. 130.
The Court pointed to a second area of interest when it drew a clear distinction between buildings that actually house people versus a business site; even if it is a small business or a private school operated by a non-profit religious corporation.
Justice Garibaldi, writing for the Court, said,

*357 "Clearly, defendant St. Venantius School, a private school, is not a residential property. No one resides in the school." (emphasis added) Id. at 332, 544 A.2d 842.
The Court cited Roman Catholic Diocese of Newark v. Ho-ho-kus Borough, 47 N.J. 211, 220 A.2d 97 (1966) which held that schools do not constitute a residential use under a community's zoning ordinance.
The Stewart case did not say that "residential" means only single family, owner-occupied homes and that everything else is commercial. If an owner lives in a twenty-five unit apartment complex, that would not change the essential commercial character of the property. 87 N.J. at 160, fn. 7, 432 A.2d 881. If, on the other hand, an owner occupied one unit of a two family house, and collected rent from the second unit, does that modest income change the essential character of the property from a residence to a commercial enterprise? This Court has found at least one commentator that would not impose Stewart liability, absent statute, on a residential landlord collecting rent from one unit. See 35 Rutgers Law Review 425 at 444-446 (1983).
The defendants are undoubtedly paying their rising real estate taxes, homeowners insurance, water bills, mortgage payments and other expenses with a little rental income from mother and sister. There is such a thing as the proverbial Mom and Pop business, but to categorize this arrangement as such would be going a bit too far. Many two and three family home owners in this state, struggling to keep a roof over their head, have arrangements similar to that of the defendants. It would come as a shock for them to learn that their home is really a commercial enterprise.
This Court relies heavily on the fact that defendants actually reside on the premises. Brown v. St. Venantius School, supra; Stewart v. 104 Wallace Street Inc., supra. The present case is distinguishable from Hambright v. Yglesias, supra. In Hambright the owners did not live on the premises.
*358 The defendants suggest that the 1974 Amendments to the Summary Dispossess Act, N.J.S.A. 2A:18-61.1 et seq. provide some guidance. The Legislature there drew a regulatory line between owner-occupied premises containing two rental units or less and other properties. Owner-occupied premises with two rental units or less are exempt from the "removal for cause" requirements covering residential tenants. N.J.S.A. 2A:18-61.1. This approach has a certain surface appeal. Since this Court must draw a line between commercial and residential property; an owner-occupied three family home is the rational place to draw that line. Tierney v. Gilde, 235 N.J. Super. 61, 561 A.2d 638 (App.Div. 1989), held that a non-owner-occupied four family apartment building, generating rental income, is "commercial" property.
This Court holds that an owner-occupied three family house in a residential zone, with two rental units occupied solely by family members, is "residential" property for purposes of applying the rule in Stewart v. 104 Wallace Street Inc., supra.
Plaintiff also cites Section 126-12 of the Municipal Code for the City of Elizabeth.
This Section states:
"The owner, owners or occupants of any dwelling house, store or other building, or lot or lots of ground, fronting or abutting any public street, avenue, alley or lane in the City of Elizabeth which has been graded, shall, at his, her or their charges and expenses, well and sufficiently lay the sidewalks in front of or adjacent to such premises, for such widths as the Director of Public Works may provide, and keep and maintain the same in good repair."
Plaintiff argues that City Ordinance 126.12, "imposes on the landlord the duty to keep and maintain the sidewalk abutting his property in good repair". The Ordinance does not explicitly establish civil liability on the part of a property owner for failure to maintain his abutting sidewalk.
The Supreme Court's Opinion in Stewart has not extended liability to "residential" property owners. The well-settled principle in this state is that municipal ordinances do not create tort duty, as a matter of law. Brown v. St. Venantius School, *359 supra; Yanhko v. Fane, supra; Tierney v. Gilde, supra; Liptak v. Frank, 206 N.J. Super. 336, 502 A.2d 1147 (App.Div. 1985).
There being no genuine issue as to any material fact and the Court finding that the defendants are entitled to judgment as a matter of law, summary judgment is granted in favor of the defendants dismissing the plaintiff's complaint. R.4:46-2.
Plaintiff has not sued the municipality. The Court recognizes the difficulty plaintiff would have in this regard. N.J.S.A. 59:4-3. This Court also recognizes that plaintiff is, in all probability, left without recourse. The final policy choice however, lies with the Legislature or the Supreme Court. Stewart v. 104 Wallace Street Inc., supra.