243 N.J. Super. 201 (1990)
578 A.2d 1264
MARGARET GILHOOLY AND EDWARD GILHOOLY, PLAINTIFFS,
v.
ZETA PSI FRATERNITY, ABC CORP., AND JOHN DOE, NAME FICTITIOUS, THE TRUE IDENTITY UNKNOWN, DEFENDANTS.
Superior Court of New Jersey, Law Division Middlesex County.
Decided April 20, 1990.
*202 Ann L. Renaud, for plaintiffs (Ramp and Renaud, attorneys).
Donald J. Sears for defendants (Busch and Busch, attorneys).
LINTNER, J.S.C.
This court is asked to decide whether a college fraternity is "residential" or "commercial" for the purpose of determining tort liability in accordance with the principles set forth in Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 432 A.2d 881 (1981).
*203 Defendant Zeta Psi owns and maintains a fraternity house on the New Brunswick campus of Rutgers University which abuts a public sidewalk running along College Avenue. Plaintiff Margaret Gilhooly was walking to her office, having attended church services, when she fell on the public sidewalk in front of defendant's fraternity house sustaining personal injuries. Defendant contends that it is entitled to summary judgment as an owner of residential property pursuant to the rule of nonliability set forth in Stewart, supra. For the purposes of its motion defendant concedes that the sidewalk was in disrepair.
Our Supreme Court set forth the general rule of law applicable to the maintenance of public sidewalks in Stewart, supra. Prior to Stewart abutting landowners, "whether commercial or residential" were not responsible for the care and maintenance of abutting sidewalks. See Yanhko v. Fane, 70 N.J. 528, 362 A.2d 1 (1976). Stewart changed the existing law of nonliability enunciated in Yanhko, holding commercial landowners responsible for the maintenance of abutting sidewalks, thereby creating liability in favor of pedestrians who are injured as a result of negligent maintenance on the part of an abutting owner. In citing reasons for its holding, imposing liability on commercial landowners, the court in Stewart, 87 N.J. at 157, 432 A.2d 881, indicated that it would give the owners of commercial property an incentive to keep their sidewalks in good repair, rather than create an incentive to do nothing, as was evident under the old rule of nonliability.
Additionally, because commercial landowners retain considerable interest in the use of the abutting sidewalk, that is to say, the sidewalk is beneficially related to the operation of the commercial enterprise, the Supreme Court reasoned that logic would favor a remedy for the innocent pedestrian thereby eliminating the arbitrariness of the old rule. See Stewart, supra at 158, 432 A.2d 881.
Defendant argues that the property in question, which is owned by the Zeta Psi Alumni Association, is used exclusively *204 as a home for undergraduate students who are members of the fraternity and is therefore residential in character. In support of its position, defendant points out that the Alumni Association which oversees the operation is comprised of noncompensated individuals who volunteer their services. Defendant further asserts that, with the exception of the chef, there are no paid positions at the fraternity, that the fraternity house itself provides living space for 42 undergraduate members who each pay a fee for room and board which includes two meals per day Monday through Friday.
While defendant maintains that the sole purpose of the house is to provide a place for fraternity members to live while attending school, it was conceded at oral argument that many of the student members reside in dormitories and other nonfraternity owned housing. These nonresident members do not ordinarily eat at the fraternity house and therefore do not pay for either room or board. All members, however, whether residents or not, pay dues which are utilized by the fraternity to pay for social functions. Payment of dues by members who reside at the house is in addition to the fee charged for room and board. The fraternity house is a nonprofit organization.
While resident members utilize the fraternity house for its living quarters and dining facilities, the house is open to all members for the purposes of socializing and related functions. These social functions include dances and parties to which all members are permitted to bring nonmember guests of their choosing. The house is also available for use by alumni for social events.
Unlike the defendant here, the defendant in Stewart owned a tavern and was therefore a commercial landowner in the classic sense. While the court in Stewart indicated that the determination of commercial versus residential should follow "commonly accepted definitions," it recognized that difficult cases may arise and that the question of whether property is commercial or residential for the purposes of sidewalk liability may have to *205 be decided on a case by case basis. Stewart, supra at 160, 432 A.2d 881.
While there appears to be no published decision to look to for assistance in deciding whether a college fraternity house is commercial or residential, there have been two New Jersey decisions subsequent to Stewart which shed light on the question to be decided here.
In Hambright v. Yglesias, 200 N.J. Super. 392, 491 A.2d 768 (App.Div. 1985) the plaintiff was injured when she fell on ice and snow in front of a two-family house owned by the defendant. Both apartments were rented by tenants. The defendant contended that, because both apartments were utilized for residential purposes, there should be no liability under the rule set forth in Stewart.
Defendant Zeta Psi points to the trial court's footnote, cited by the Appellate Division in the Hambright opinion, in which the trial court made it clear that it was the nature of the ownership of the property that was dispositive, not the manner in which it is used. In affirming the trial court's determination in favor of the plaintiff, the Appellate Division's decision in Hambright turned upon the recognition that "apartment buildings are residential in the sense that they are places where people live," but "commercial in the sense that they are operated by their owners as a business." Hambright at 395, 491 A.2d 768. As such, the court in Hambright for the first time recognized that property can be hybrid, that is, both residential and commercial, in which case it would be considered commercial for the sake of sidewalk liability within the meaning of Stewart.
Justice Garibaldi in Brown v. St. Venantius School, 111 N.J. 325, 544 A.2d 842 (1988) gave further support to the proposition that where property is partially commercial and partially noncommercial the former will take precedence in the application of the rule in Stewart. In Brown the plaintiff fractured her leg when she slipped and fell on a public sidewalk abutting St. *206 Venantius School. The defendant's initial contention was that the rule of liability set forth in Stewart should not apply because it was not a commercial organization but a nonprofit school established for religious and educational purposes. Similarly, defendant Zeta Psi asserts that the nature of their ownership, that is, a nonprofit home for members, takes precedence over the use to which the property is put.
In analyzing the concept of use versus nature of ownership, the court in Brown at 338, 544 A.2d 842 acknowledged that the first factor to be considered is "the use of the abutting land, not the nature of the organization that owns the property." By way of further explanation the court went on to state:
For example, if a church owned an abutting property used for a restaurant or hotel, the church in that instance would clearly be a commercial landowner. See, e.g. Kirby v. Columbian Institute, 101 N.J. Super. 205 [243 A.2d 853] (Hudson Cty.Ct. 1968) (nonprofit corporation chartered to promote mental and moral improvement of mankind did not enjoy charitable immunity from tort liability when it operated bar and bowling alley). Conversely, the sidewalk in front of a parsonage or rectory abuts residential property. Thus, we reject the notion that religious organizations per se cannot be commercial landowners for purposes of sidewalk liability.
A reading of both Hambright, supra and Brown, supra, leads to the conclusion that both the use made of the property and the nature of the ownership are factors to be considered in the analysis of whether or not property abutting a public sidewalk is commercial or residential.
Defendant's contention that the nature of its ownership, i.e. nonprofit home for members, conclusively shows that it is noncommercial for the purposes of sidewalk liability, is misplaced. The nonprofit nature of Zeta Psi's ownership is not, by itself, a controlling factor in the analysis. Whether the Zeta Psi house is a home for the members, on the other hand, is a question of use, not ownership.
While defendant argues that the fraternity house is used exclusively as a residence for its members it is evident from the statements of defense counsel that it is also used as a social club for both its residential and nonresidential members. Dues *207 paid by both residential and nonresidential members are not utilized to defray cost of room and board for the residential members but instead are used to pay, at least in part, for social events which include parties and alumni functions. When the fraternity holds a party or social function members generally invite guests who necessarily have to traverse the public sidewalk in front of the house to gain entrance. Several social functions are held at night. Accordingly defendant Zeta Psi's property is not used solely as a residence but also functions as a social club for all its members.
In reaching its decision that St. Venantius, a private parochial school, was commercial for the purposes of sidewalk liability the Court in Brown balanced the financial burden placed upon the defendant school with the harsh result of imposing the entire loss on a pedestrian injured as a result of negligent maintenance of the sidewalk. 111 N.J. at 334, 544 A.2d 842. The Court in Brown pointed to the fact that safe and convenient access to the school was a necessary component in its daily activities. 111 N.J. at 334-35, 544 A.2d 842. Similarly in Stewart an overriding concern was the fact that the operation of a commercial enterprise often times benefits from use of the public sidewalk abutting its premises. 87 N.J. at 158, 432 A.2d 881. Likewise safe access to defendant's fraternity house, especially at night during social events is a foreseeable and necessary element to be considered in defendant's function as a successful social club. As in both Brown and Stewart, the expansion of the fraternity's duty to care for the sidewalk in front of its fraternity house does not materially add to the type of maintenance that should be undertaken in light of the fact that the cost of social functions is paid for by the assessment of dues to both resident and nonresident members alike.
It follows that defendant Zeta Psi is a hybrid organization, both commercial and residential: commercial in the sense that it functions as a social club for all its members and alumni, residential by virtue of the fact that 42 members reside and eat there during the school year. As such, defendant's motion for *208 summary judgment is denied and it is further held that for the purposes of sidewalk liability, in accordance with the rule established in Stewart, defendant Zeta Psi is a commercial landowner and subject to liability for negligent maintenance of the sidewalk abutting its premises. This court's determination of the status of defendant as a commercial landowner should in no way be interpreted to suggest whether or not defendant will be ultimately liable to plaintiff.