247 N.J. Super. 295 (1991)
589 A.2d 169
ALBERTINA BORGES, PLAINTIFF-APPELLANT,
v.
FAIEZ HAMED AND LOURDES HAMED, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted December 5, 1990.
Decided January 17, 1991.
Before Judges KING, R.S. COHEN and STERN.
Hector M. Garcia, attorney for appellant.
Edward J. Gilhooly, attorney for respondents.
*296 PER CURIAM.
Plaintiff Albertina Borges says she fell on the sidewalk in front of a three-apartment house owned by defendants Faiez and Lourdes Hamed. She sued the Hameds for damages. They moved for summary judgment, and it was granted. Plaintiff appealed, and we now affirm, substantially for the reasons stated by Judge Francis De Stefano in his opinion which appears at 247 N.J. Super. 353, 589 A.2d 199. We add only a few brief comments.
Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 432 A.2d 881 (1981), altered for commercial properties the traditional rule of no landowner liability for sidewalk defects. The new rule of liability for commercial properties was based on their nature as profit-making investments and their capacity to spread the risk of injury among tenants and business customers. The rule has been extended to private schools, Brown v. Saint Venantius School, 111 N.J. 325, 544 A.2d 842 (1988), and two-family houses not occupied by the owner, Hambright v. Yglesias, 200 N.J. Super. 392, 491 A.2d 768 (App.Div. 1985). Here, the property is a legal three-family house owned by defendants husband and wife. They live in the third floor apartment. The wife's brothers, her mother, and stepfather occupy the second floor apartment. On the first floor live the defendant wife's sister, her husband and children. The second and first floor tenants pay rent, but there is nothing in the record to show if it yields a profit or merely covers the costs of owning and running the building. Neither party argues the point.
This vertical family compound cannot be considered a commercial property. We do not consider what should be the result if defendants lived in one apartment and rented the other two at market rates, and we express no view as to the use in this context of the anti-eviction statute and its exemption for owner-occupied premises with not more than two rental units. See N.J.S.A. 2A:18-61.1.
Affirmed.