NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2207-15T4

SCOTT VALENTINE,

 Plaintiff-Appellant,

v.

MAXIMO ALMANZAR and
ANA ALMANZAR,

 Defendants-Respondents.
______________________________

 Argued telephonically February 21, 2017 –
 Decided June 12, 2017

 Before Judges Simonelli and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Hudson County, Docket
 No. L-5292-14.

 Christina A. Vergara argued the cause for
 appellant (Alonso & Navarrete, L.L.C.,
 attorneys; Ms. Vergara, of counsel and on the
 briefs).

 Monique Moreira argued the cause for
 respondents (Moreira & Moeira, P.C.,
 attorneys; Ms. Moreira, on the brief).

PER CURIAM

 In this slip and fall case, plaintiff Scott Valentine appeals

from the January 8, 2016 Law Division order, which granted summary
judgment to defendants Maximo and Ana Almanzar and dismissed the

complaint with prejudice. The issue is whether defendants had a

legal duty to remove snow and ice from the public sidewalk abutting

their three-family home. We conclude that because the property

was residential, not commercial, summary judgment was properly

granted.

 We derive the following facts from the evidence submitted in

support of, and in opposition to, the summary judgment motion,

viewed in a light most favorable to plaintiff. Angland v. Mountain

Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v.

Guardian Life Ins. Co., 142 N.J. 520, 523 (1995)).

 Defendants have resided in their three-family home since

1992, and purchased it in 1994. They have a mortgage on the

property, which would be paid in full in five years of the summary

judgment motion. Defendants reside in one of the apartments and

rent the other two apartments to non-relative tenants under written

leases. Defendants receive rent totaling $3010 per month. There

was no evidence that defendants or their tenants used the property

for office or business purposes.

 Maximo was disabled and received disability benefits, while

Ana was employed and had a net income of approximately $210 per

week. Defendants used the rent money to pay the property's

carrying charges of $2913 per month, consisting of the mortgage,

 2 A-2207-15T4
taxes, and insurance. This left $97 per month for maintenance and

repair expenses, including replacing or repairing damages on the

property and walkway, purchasing salt to be used on the sidewalk,

and making repairs inside the building. Because $97 did not cover

all repair and maintenance expenses, defendants used their

personal funds for these purposes.

 On February 19, 2014, plaintiff allegedly sustained injuries

when he slipped and fell on ice or snow on the public sidewalk

abutting defendants' property. He filed a complaint against

defendants, asserting, in part, that they breached their duty to

maintain the sidewalk in a safe condition.

 Following the completion of discovery, defendants filed a

motion for summary judgment, arguing that as residential

homeowners, they had no duty to clear snow and ice on the public

sidewalk abutting their property. Applying the factors set forth

in Grijalba v. Floro, 431 N.J. Super. 57, 73 (App. Div. 2013), the

motion judge found that defendants owned the property and occupied

one-third of it; there were no commercial entities at the property;

there were additional repair expenses not covered by the rental

income; and this was not a profit-generating apartment building.

Citing Borges v. Hamed, 247 N.J. Super. 295, 296 (App. Div. 1991),

the judge found that defendants' property was not a commercial

venture, and granted summary judgment to defendants.

 3 A-2207-15T4
 On appeal, plaintiff argues that the judge misapplied

Grijalba in balancing the predominate use of the property as an

income-generating venture, and disregarded the property's capacity

to generate income and earn significant profit after the mortgage

was satisfied. Plaintiff argues that the judge improperly applied

Borges because unlike Borges, defendants occupied only one unit

of a three-family home; rented the other two units to non-relative

tenants at fair market value; and received rental income greater

than the monthly carrying charges with profit that covered those

charges. Plaintiff also argues that the judge considered mere

conjecture in finding that defendants could not pay their mortgage

if a tenant decided not to pay rent and the $97 profit did not

cover the repair expenses.

 We review a ruling on a motion for summary judgment de novo,

applying the same standard governing the trial court. Templo

Fuente De Vida Corp. v. National Union Fire Ins. Co., 224 N.J.

189, 199 (2016) (citation omitted). Thus, we consider, as the

motion judge did, "whether the competent evidential materials

presented, when viewed in the light most favorable to the non-

moving party, are sufficient to permit a rational factfinder to

resolve the alleged disputed issue in favor of the non-moving

party." Brill, supra, 142 N.J. at 540. If there is no genuine

issue of material fact, we must then "decide whether the trial

 4 A-2207-15T4
court correctly interpreted the law." DepoLink Court Reporting &

Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App.

Div. 2013) (citation omitted). We review issues of law de novo

and accord no deference to the trial judge's legal conclusions.

Nicholas v. Mynster, 213 N.J. 463, 478 (2013). "[F]or mixed

questions of law and fact, [we] give[] deference . . . to the

supported factual findings of the trial court, but review[] de

novo the lower court's application of any legal rules to such

factual findings." State v. Pierre, 223 N.J. 560, 577 (2015)

(citations omitted). Applying the above standards, we discern no

reason to reverse the grant of summary judgment.

 "At common law, property owners were 'under no duty to keep

the public sidewalk adjoining their premises free of snow and

ice.'" Qian v. Toll Bros., Inc., 223 N.J. 124, 135 (2015) (quoting

Skupienski v. Maly, 27 N.J. 240, 247 (1958)). "Generally, property

owners, both commercial and residential, were 'not liable for the

condition of a sidewalk caused by the action of the elements or

by wear and tear incident to public use.'" Ibid. (quoting Yanhko

v. Fane, 70 N.J. 528, 532 (1976), overruled in part by Stewart v.

104 Wallace St., Inc., 87 N.J. 146 (1981)).

 In Stewart, supra, 87 N.J. at 149, our Supreme Court carved

out an exception to the common-law rule to impose a duty only on

commercial property owners to maintain public sidewalks adjacent

 5 A-2207-15T4
to the property. The Court later held that this common-law duty

of commercial property owners applies to snow and ice removal.

Mirza v. Filmore Corp., 92 N.J. 390, 395 (1983). "Since Stewart,

residential-public-sidewalk immunity has remained intact." Qian,

supra, 223 N.J. at 136 (citing Norris v. Borough of Leonia, 160

N.J. 427, 434 (1999)). "Residential property owners do not have

a common-law duty to clear snow or ice from a public sidewalk and

the failure to do so does not expose them to tort liability. That

is so even if a municipal ordinance requires residential owners

to clear their sidewalks." Ibid. (citing Luchejko v. City of

Hoboken, 207 N.J. 191, 199, 211 (2011)).

 In Luchejko, the Court held that the distinction between

residential and commercial properties was engrained in our tort

law and would not be abrogated so that a duty to maintain sidewalks

would apply to residential condominium owners. Luchejko, supra,

207 N.J. at 195. However, since Stewart, our courts have placed

residential rental properties in the category of commercial

properties if they are not owner-occupied. Wilson v. Jacobs, 334

N.J. Super. 640, 644-45 (App. Div. 2000) (holding that a house

entirely rented to tenant was commercial); Hambright v. Yglesias,

200 N.J. Super. 392, 394-95 (App. Div. 1985) (holding that a two-

family house entirely rented out for profit was commercial). The

"gray area of the commercial/residential distinction," Luchejko,

 6 A-2207-15T4
supra, 207 N.J. at 210, is whether an owner-occupied property with

a small number of dwelling units should be considered residential

or commercial if the property is also used to generate income for

the owner. See Smith v. Young, 300 N.J. Super. 82, 97 (App. Div.

1997) (holding that a two-family home, one unit of which was owner-

occupied and the other rented to a tenant, was unquestionably

residential in use); Avallone v. Mortimer, 252 N.J. Super. 434,

438 (App. Div. 1991) (holding that where residential property is

partially owner-occupied and partially rented, the issue is its

predominant use); Borges, supra, 247 N.J. Super. at 296 (holding

that a multi-family home partially occupied by the owner and

partially rented to relatives was not commercial).

 Courts must employ a "case-by-case, fact-sensitive analysis"

to determine whether owner-occupied property should be considered

residential or commercial. Grijalba, supra, 431 N.J. Super. at

62 (citation omitted) (quoting Stewart, supra, 87 N.J. at 160).

In Grijalba, the defendant converted her owner-occupied two-family

home into a three-family home and moved into the basement apartment

in order to generate more rental income from the other apartments.

Id. at 59-60. We reversed the trial court's grant of summary

judgment to the defendant and remanded the case for a more-detailed

factual determination of the use of the property and the nature

of the ownership. Id. at 59. We listed the following factors for

 7 A-2207-15T4
the court to consider in determining whether the property was

primarily residential or commercial:

 (1) the nature of the ownership of the
 property, including whether the property is
 owned for investment or business purposes; (2)
 the predominant use of the property, including
 the amount of space occupied by the owner on
 a steady or temporary basis to determine
 whether the property is utilized in whole or
 in substantial part as a place of residence;
 (3) whether the property has the capacity to
 generate income, including a comparison
 between the carrying costs with the amount of
 rent charged to determine if the owner is
 realizing a profit; and (4) any other relevant
 factor when applying commonly accepted
 definitions of commercial and residential
 property.

 [Id. at 73.]

The focus is on the bona fide primary use of the property. As we

stated in Smith:

 [W]hile the Supreme Court may have intended
 to include property solely held for investment
 purposes within the Stewart rationale, it had
 no intention to subsume small owner-occupied
 dwellings, such as two- or three-family homes,
 within the classification of commercial
 property. Such uses are clearly in a category
 of their own, for they are residential both
 in the nature of their ownership as well as
 in the use to which the property is put.

 [Smith, supra, 300 N.J. Super. at 99-100
 (quoting Hambright, supra, 200 N.J. Super. at
 395).]

An owner-occupier of a three-family home may use part of the

property for income-production, but such a factor does not change

 8 A-2207-15T4
the essential nature and status of the property as the owner's

residence. In addition, whether the property owner must make

mortgage payments is not the question. The relevant question is

the primary use of the property. Ibid.

 Here, defendants used the property as their long-time

residence and rented two apartments to generate income to cover

the carrying charges. The small profit they received was

insufficient to cover repair and maintenance expenses, requiring

them to utilize their personal funds for these purposes.

Defendants are not using the property as a method to make money,

but to retain their home under their tight financial circumstances.

We are satisfied that the nature and purpose of defendants' owner-

occupied property was primarily residential, not commercial. As

residential property owners, defendants had no duty to clear snow

and ice from the public sidewalk adjoining their property.

Defendants, therefore, are not liable for plaintiff's alleged

injuries.

 Affirmed.

 9 A-2207-15T4