**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4287-15T1

VALERIANA IXCOY,

    Plaintiff-Appellant,

v.

MOHAMMED MOHOSIN and RUZI
BEGYM-MOHOSIN,[1]

    Defendants-Respondents,

and

DEF INSURANCE COMPANY,
Jointly, Severally or
in the Alternative,

    Defendants.

_____

        Argued May 24, 2017 — Decided June 30, 2017

        Before Judges Manahan and Lisa.

        On appeal from Superior Court of New Jersey,
        Law Division, Passaic County, Docket No. L-
        3591-14.

        Kristian A. Krause argued the cause for
        appellant (Goldstein, Ballen, O'Rourke &
        Wildstein, attorneys; Ms. Krause, of counsel
        and on the brief).

---

[1] Ruzi Begum-Mohosin was improperly pleaded as Ruzi Begym Mohosin.

Harry D. Norton, Jr. argued the cause for respondents (Norton, Murphy, Sheehy & Corrubia, P.C., attorneys; Mr. Norton, of counsel; Jessica J. Centauro-Petrassi, on the brief).

PER CURIAM

Plaintiff Valeriana Ixcoy appeals from an order granting summary judgment in favor of defendants Mohammed Mohosin and Ruzi Begum-Mohosin. After consideration of the record, and in light of our standard of review and applicable law, we reverse and remand for further proceedings.

## I.

The following facts are derived from the evidence submitted by the parties in support of, and in opposition to, the summary judgment motion, viewed in a light most favorable to plaintiff. Polzo v Cty. of Essex, 209 N.J. 51, 56 n.1 (2012) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)).

Defendants purchased a residential, three-family house located at 22 Sheridan Avenue in Paterson (the property) in 2003. Sheridan Avenue is a residential street consisting of additional three-family houses. Since the purchase of the property, defendants have resided on the first floor. Defendant Mohammed Mohosin contends that he maintained the property by way of cutting the grass, shoveling snow and applying salt afterward, among other duties. Within the same year, defendants rented out the second

and third floors of the property. Those floors have been continuously rented thereafter, except for gaps of tenancy totaling less than six months. The first and second floors of the property are each 850 square feet consisting of a kitchen, a living area, two bedrooms and one bathroom. The third floor is 600 square feet consisting of a kitchen, a living area, one bedroom and one bathroom.

The second floor tenants began their tenancy in 2008, at a monthly rent of $950. The third floor tenants began their tenancy in September 2013, at a monthly rent of $800.

## II.

On the date of the underlying incident, plaintiff resided in a three-story house located on the same street as defendants' property. On February 18, 2014, plaintiff left her home at 6:30 a.m. At that time, it was dark and lightly snowing with approximately two-to-three inches of snow on the sidewalk along Sheridan Avenue. As plaintiff walked past the property to meet a driver who was taking her to work, she slipped and fell on the sidewalk. Plaintiff got up and continued on her way. Defendants were first made aware of plaintiff's fall when they received a letter from plaintiff's attorney in June 2014.

A-4287-15T1

III.

On September 29, 2014, plaintiff filed a personal injury complaint for injuries she alleged to have sustained in the slip and fall. At the conclusion of discovery, defendants filed a motion for summary judgment, arguing that the property was residential at the time of the incident, therefore, no duty was owed to plaintiff. In an accompanying written statement of reasons attached to the order granting summary judgment, the judge held the property was residential in use.

Applying the factors we listed in Grijalbo v. Floro, 431 N.J. Super. 57 (App. Div. 2013), the judge found that there was no evidence adduced during discovery to demonstrate defendants: used the property to generate profits; owned the property as an investment; or used the property as a commercial space under the commonly accepted definition of "commercial." The judge further found that the property was primarily used as defendants' residence and the tax returns provided in discovery revealed little to no profit generated from rental income. As such, the judge concluded that summary judgment was appropriate. This appeal followed.

Plaintiff raises the following points on appeal:

POINT I

THE LEGAL CLASSIFICATION OF AN OWNER-OCCUPIED THREE[-]FAMILY HOME AS RESIDENTIAL OR

4

COMMERCIAL IS DETERMINED BASED ON A CASE-BY-CASE, TOTALITY OF THE CIRCUMSTANCES TEST.

## POINT II

IN LIGHT OF THE GRIJALBA FACTORS, DEFENDANTS DO NOT MEET THE STANDARD FOR SUMMARY JUDGMENT SET FORTH IN R. 4:46-2. SUMMARY JUDGMENT SHOULD THEREFORE HAVE BEEN DENIED.

A. THE EVIDENCE PRODUCED BY DEFENDANTS REQUIRES THE WEIGHING OF EVIDENCE AND AN INQUIRY INTO CREDIBILITY THAT SUMMARY JUDGMENT IS NOT SUITED FOR.

B. DEFENDANTS DID NOT PROVIDE ALL OF THE REQUESTED TAX RETURNS AND THE THREE YEARS OF INFORMATION PROVIDED IS NOT A SUFFICIENT AMOUNT OF INFORMATION FOR THE COURT TO ENGAGE IN A SUMMARY JUDGMENT ANALYSIS.

## POINT III

ALTERNATIVELY WITH ALL INFERENCES OF DOUBT FOUND IN PLAINTIFF'S FAVOR, THE FACTS BEFORE THIS COURT ARE INSUFFICIENT TO DETERMINE THAT THE PROPERTY IS RESIDENTIAL IN NATURE AS A MATTER OF LAW.

A. THE NATURE OF THE OWNERSHIP OF THE PROPERTY IS COMMERCIAL.

B. THE PREDOMINANT USE OF THE PROPERTY IS COMMERCIAL.

C. THE PROPERTY HAS THE CAPACITY TO GENERATE INCOME.

D. OTHER RELEVANT FACTORS DEMONSTRATE THAT THE PROPERTY IS COMMERCIAL AS A MATTER OF LAW.

Residential property owners are not liable for sidewalk injuries. Luchejko v. City of Hoboken, 207 N.J. 191, 195 (2011). Conversely, commercial property owners have a duty to maintain sidewalks that abut their property and are liable for injuries suffered as a result of their negligent failure to do so. Stewart v. 104 Wallace St., Inc., 87 N.J. 146 (1981).

In Grijalba, supra, 431 N.J. Super. at 57 (App. Div. 2013), we directed trial courts to consider, at a minimum, four factors in a "totality of circumstances" test when classifying a property as either "commercial" or "residential."

> (1) The nature of the ownership of the property, including whether the property is owned for investment or business purposes;
>
> (2) The predominant use of the property, including the amount of space occupied by the owner on a steady or temporary basis to determine whether the property is utilized in whole or in substantial part as a place of residence;
>
> (3) Whether the property has the capacity to generate income, including a comparison between the carrying costs with the amount of rent charged to determine if the owner is realizing a profit; and
>
> (4) Any other relevant factor when applying commonly accepted definitions of commercial and residential property.
>
> [Id. at 73.]

In _Luchejko_, the Court cited to cases that focused on either the nature of the ownership or the property's use. The Court cited _Wilson v. Jacobs_, 334 _N.J. Super._ 640 (App. Div. 2000) (owner-occupied) focused on the nature of the ownership; _Wasserman v. W.R. Grace & Co._, 281 _N.J. Super._ 34, 37, 39 (App. Div. 1995) (owner-occupied) focused on use; _Avallone v. Mortimer_, 252 _N.J. Super._ 434 (App. Div. 1991) (owner-occupied) focused on use; _Borges v. Hamed_, 247 _N.J. Super._ 295 (App. Div. 1991) (owner-occupied) focused on use; _Hambright v. Yglesias_, 200 _N.J. Super._ 392 (App. Div. 1985) (non-owner occupied) focused on profit; and _Abraham v. Vijay Gupta_, 281 _N.J. Super._ 81 (App. Div. 1995) (non-owner occupied) focused on nature of ownership. _Luchejko_, _supra_, 207 _N.J._ at 206.

In _Grijalba_, we explained that "[n]ormally, the nature of the ownership is considered, but with mixed-use property, such as an owner-occupied two or three-family home, use has generally been a relevant consideration when resolving the residential-commercial distinction. We stated that the theme emerging from our decisions in such matters is 'whether a property's predominant use has the capacity to generate income, regardless of whether an actual profit is obtained through the use.'" _Grijalba_, _supra_, 431 _N.J. Super._ at 65 (citing _Luchejko_, _supra_, 207 _N.J._ at 206).

Our review of a ruling on summary judgment is de novo, applying the same standard as the trial court. Townsend v. Pierre, 221 N.J. 36, 59 (2015) (citing Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405 (2014)). "Summary judgment must be granted if 'the pleadings, depositions, answers to interrogatories[,] and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law.'" Town of Kearny v. Brandt, 214 N.J. 76, 91 (2013) (quoting R. 4:46-2(c)). The court first decides whether there was a genuine issue of material fact. If not, the court then decides whether the trial court's ruling on the law was correct. Walker v. Alt. Chrysler Plymouth, 216 N.J. Super. 255, 258 (App. Div. 1987).

Here, the judge appropriately addressed the Grijalba factors in reaching her determination. We take no issue with the judge's consideration of those factors, but do take issue with the evaluation of the factors based upon the factual record.

Similar to Avallone, this is a hybrid case where the owners reside in a three-family residence which abuts the sidewalk at issue. Unlike Grijalba, there is no issue whether defendants used the house as a place of residence; they did. However, in determining the property's use in the context of "residential" or

"commercial," the inquiry does not end there.  Given that the majority of the house was tenant-occupied, the judge must determine whether the property's predominant use was as an income producing property which preponderated the defendants' residency.  Avallone, supra, 252 N.J. Super. at 438.

Also, we are not confident that the resort to three years of defendants' income tax returns is dispositive of the property's capacity to generate income insofar as what was reported was a reliable indicator of defendants' realization of profits.[2]  The tax returns, which are hearsay per N.J.R.E. 802 and may be otherwise unreliable as essentially self-reported, should be subjected to scrutiny; especially predicated upon their use in a summary dismissal of plaintiff's cause of action.  Whether that scrutiny takes the form of additional discovery of supplemental records to support what was reported on the returns, additional tax returns, a testimonial hearing where issues of credibility may be determined or a combination thereof, we leave to the discretion of the Law Division.

We conclude our discussion by observing that the policy considerations enunciated in Stewart and Luchejko involve the financial implications of cost-sharing by a commercial property

---

[2]  Plaintiff argues that the "quantity" of the returns was insufficient for a determination as well.

A-4287-15T1

owner relative to their duty to provide a remedy to innocent third parties. Luchejko, supra, 207 N.J. at 203-04. In order to evaluate whether defendants possess the ability to share in those costs, revenue produced by the property is a salient consideration. On this record, we hold a reviewing court would be unable to conclude whether defendants possess that ability.

We close by adding that in reaching our decision we express no opinion as to the property's status.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION