

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-19-2006

# Wilson v. Beekman

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1338

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Wilson v. Beekman" (2006). *2006 Decisions.* Paper 446.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/446

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1338
_____

WILLIAM J. WILSON; MARIE L. WILSON H/W

v.

DONALD L. BEEKMAN; JEFFREY P. BEEKMAN;
BEEKMAN & BEEKMAN; LINDA BEEKMAN


Donald L. Beekman; Linda Beekman,
                                        Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 03-cv-02737)
District Judge:  Honorable Garrett E. Brown, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
September 15, 2006

Before:  FUENTES, FISHER and McKAY,[*] *Circuit Judges*.

(Filed:  September 19, 2006)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

_____

[*]The Honorable Monroe G. McKay, United States Circuit Judge for the Tenth
Circuit, sitting by designation.

At issue in this case is whether the District Court erred in denying the motion filed by Appellants Donald L. Beekman, Jeffrey P. Beekman, and Linda Beekman (the "Beekmans") for leave to file a third party complaint. Because we agree with the Beekmans that the District Court abused its discretion in denying the motion, we will reverse in part the ruling of the District Court and remand with instructions to permit the filing of the third party complaint.

## I.

The underlying suit is a slip-and-fall diversity claim brought by Plaintiff William J. Wilson and his wife, Marie, arising out of injuries William sustained when he tripped over a damaged sidewalk adjacent to the Beekmans' law practice. Because the damaged sidewalk was allegedly caused by shade tree roots lifting up the concrete on the sidewalk, *see* App. 79-80, the Beekmans filed a motion for leave to file a third party complaint for contribution and indemnity against the Township of Neptune and the Township of Neptune Shade Tree Commission.[1] The Beekmans alleged that since Neptune Township has established a Shade Tree Commission pursuant to New Jersey state law, that commission was responsible to care for the tree that allegedly caused Wilson's accident. *See* N.J. Stat. Ann. § 40:64-5. As a result, the Beekmans argued that they were not

---

[1]Also named as third party defendants were the Borough of Ocean Grove and the Borough of Ocean Grove Shade Tree Commission. The Beekmans have asserted, however, that Ocean Grove is a section of Neptune Township, and not a stand-alone municipality. (App. 25.) Accordingly, we will refer solely to the Neptune Township defendants in this opinion.

wholly liable as an adjoining property owner for Wilson's injuries stemming from defects in the sidewalk caused by shade tree roots.  (App. 25.)

The District Court denied the motion as futile on three primary grounds:  (1) the Neptune Township Shade Tree Commission was immunized from liability under N.J. Stat. Ann. §§ 40:64-14, 59:4-10; (2) the existence of a municipal shade tree commission no longer immunizes adjoining property landowners from liability; and (3) Neptune Township was immune from liability under the New Jersey Tort Claims Act.  (App. 10.) After the District Court denied the Beekmans' motion, the parties entered into a consent order in which the Beekmans agreed to pay the Wilsons a specified sum to settle the claim.  That consent order expressly reserved the Beekmans' right to appeal from the District Court's order denying their motion.

## II.

The District Court had jurisdiction over the diversity claim pursuant to 28 U.S.C. § 1332.  We have appellate jurisdiction over the consent order and judgment, which contained an explicit reservation of the right to appeal, pursuant to 28 U.S.C. § 1291. *Keefe v. Prudential Prop. & Cas. Co.*, 203 F.3d 218, 223 (3d Cir. 2000).  We review the District Court's decision denying the motion to file a third party complaint for abuse of discretion.  *In re Adams Golf, Inc. Securities Lit.*, 381 F.3d 267, 280 (3d Cir. 2004).

III.

Federal Rule of Civil Procedure 14(a) provides that a defendant may file a third-party action against "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a). A defendant may file a third-party action as of right within ten days after filing the original answer. Beyond that ten day time period, however, the defendant may only file the action after obtaining leave of court. *Id.* In exercising its discretion, a district court is well-advised to permit impleader "if it will avoid circuity of action and eliminate duplication of suits based on closely related matters." Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1443 (2d ed. 1990) (citing *Somportex v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435, 439 n.6 (3d Cir. 1971)). Accordingly, the law generally provides that courts should permit impleader unless "it will delay or disadvantage the existing action and the third-party claim obviously lacks merit." *Id.*

New Jersey municipalities are permitted to establish a shade tree commission under applicable state law. *See generally* N.J. Stat. Ann. §§ 40:64-1 *et seq.*[2] The primary

---

[2]Shade tree commissions, which have five primary powers in the municipality, may: (1) exercise full and exclusive control over the regulation, planting and care of shade trees on public property; (2) regulate and control the use of the ground surrounding shade trees as necessary for their proper growth, care and protection; (3) move or require the removal of any tree or any part thereof dangerous to public safety; (4) care for and control parks and parkways; and (5) administer treatment to, or remove, any infected tree situated upon private property. N.J. Stat. Ann. § 40:64-5.

benefit of establishing such a commission is that the commission and its members are not liable for any accidents caused by a shade tree which result in death or injury. N.J. Stat. Ann. §§ 40:64-12, 59:4-10. Relying upon this grant of immunity, the District Court denied the Beekmans' motion.

The Beekmans' singular argument on appeal is that the District Court abused its discretion by not considering the necessary conditions for immunity to attach. Section 59:4-10 provides that a shade tree commission is not liable for an injury caused by a tree or shrub, or any part thereof if two conditions are satisfied:

> (1) the tree or shrub, or pertinent part thereof, is on public property or on a public easement or right-of-way, or the tree or shrub, regardless of its location, is regulated, planted, cared for, controlled, or maintained by the shade tree commission; *and* (2) the local government or the shade tree commission has participated in and successfully completed a training skills and accreditation program . . . and has a comprehensive community forestry plan approved [under applicable state law].

N.J. Stat. Ann. § 59:4-10 (emphasis added). There is no indication in the record whether the Neptune Township Shade Tree Commission has completed the necessary requirements of section 59:4-10(2) to be entitled to immunity from suit. As this provision falls under the New Jersey Tort Claims Act, Neptune Township would have the burden to plead that it is entitled to immunity under the Act. *See Charpentier v. Godsil*, 937 F.2d 859, 863 (3d Cir. 1991) ("Under New Jersey law . . . immunity under the State Tort Claims Act is regarded as an affirmative defense that must be pled by the public entity or employee.") (citing *Kolitch v. Lindedahl*, 497 A.2d 183, 189 (1985)). At this stage of the litigation, the Shade Tree Commission's entitlement to immunity is unclear. Thus, the

District Court erred in characterizing the Beekmans' action as futile, and abused its discretion in denying the motion to file the third-party complaint.[3]  On this basis, we will reverse the decision of the District Court with respect to the Neptune Township Shade Tree Commission.

The Beekmans, however, will only be able to file a third-party complaint against the Neptune Township Shade Tree Commission.  We agree with the District Court that, by virtue of establishing a shade tree commission, Neptune Township is immune from suit under the New Jersey Tort Claims Act.  *See Black v. Borough of Atlantic Highlands*, 623 A.2d 257 (N.J. Super. App. Div. 1993) (holding a municipality immune under the Tort Claims Act when it has established a shade tree commission).

IV.

For the reasons set forth above, we conclude that the District Court erred in denying Appellants' motion to file a third party complaint with respect to the Neptune

_____

[3]We recognize that "the existence of a shade tree commission does not automatically relieve the abutting commercial occupier of all responsibility." *Nielsen v. Lee*, 810 A.2d 600, 601 (N.J. Super. App. Div. 2002); *see also* N.J. Stat. Ann. § 59:4-10b (stating that the existence of a municipal shade tree commission "shall not be cause to immunize a private person from liability for an injury caused directly or indirectly by a tree or shrub, or any part thereof, who otherwise would be liable for that injury").  Thus, the Beekmans cannot be immunized from liability by impleading the Neptune Township Shade Tree Commission in this case.  Rather, the Beekmans' claim will be governed by established principles of commercial landowner liability, including the traditional New Jersey common law duty to correct or warn of dangerous conditions that, by the exercise of reasonable care, should have been discovered.  *See*, *e.g.*, *Monaco v. Hartz Mountain Corp.*, 840 A.2d 822, 831-34 (N.J. 2004).

Township Shade Tree Commission.  Accordingly, we will reverse, in part, the judgment of the District Court and remand for further proceedings consistent with this opinion.